**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-1409

BERT J. ALLEN, III,

Plaintiff, Appellant,

v.

YORK COUNTY SHERIFF'S DEPARTMENT, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. Gene Carter, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

Bert J. Allen, III on brief pro se.
Michael J. Schmidt and Wheeler & Arey, P.A. on brief for appellees.

September 22, 2003

**Per Curiam**.    Bert Allen III appeals pro se from the district court's dismissal of his complaint, upon the recommendation of a magistrate judge, pursuant to Fed. R. Civ. P. 12(c).    Allen  filed his complaint against the York County Sheriff's Department, Sheriff Philip Cote and "other unknown officers" under various provisions of the civil rights statutes, 42 U.S.C. §§ 1981 et seq., seeking damages for alleged violations of his constitutional rights that occurred between during his confinement as a pretrial detainee at the York County Jail in Sanford, Maine.

The central allegations in the complaint involve an incident in which Allen was allegedly attacked, knocked unconscious and sexually assaulted by an inmate at the behest of corrections officers.  Allen asserts that defendants engaged in a conspiracy to cover up this incident and impeded his efforts to seek redress through the administrative grievance process.  Allen also claims that, on another occasion, defendants incited inmates to attack him and a group of other pretrial detainees.  Thus instigated, Allen asserts that the inmates began to throw rocks and pieces of pavement, one of which struck Allen in the eye.  Allen further contends that the investigation of both incidents was inadequate. Finally, Allen asserts that his medication was routinely stolen, that his reports of the theft went unheeded, and that defendants engaged in a conspiracy to cover up this conduct.

After the magistrate judge issued a recommended decision concluding that the complaint should be dismissed, Allen filed objections which unequivocally stated that he wished to "drop" his claims against the York County Sheriff's Department and Sheriff Cote, "leaving . . . correctional officers unknown[.]" In light of this concession, we conclude that Allen has waived review of his claims against the Sheriff's Department and Sheriff Cote. We add only that, to the extent the district court failed to expressly address Allen's claim for relief under provisions other than § 1983 (e.g., 42 U.S.C. §§ 1981, 1985 and 1988), Allen's factual allegations were insufficient to state a claim for such relief. Any remaining claims against "correctional officers unknown" were also properly dismissed.

We note that Allen has raised a host of additional issues on appeal, many of which (e.g., challenges to various aspects of the Prison Litigation Reform Act, 42 U.S.C. § 1997(e), and the district court's denial of a request to amend the complaint in a companion case to add a claim for expungement of Allen's criminal record) are far beyond the scope of the current appeal. To the extent Allen challenges the district court's discovery rulings, the denial of his request for appointed counsel and contends that the district court improperly decided disputed issues of fact, his claims are meritless.

The judgment of the district court is summarily <u>affirmed</u>. See Loc. R. 27(c).